UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROBERT BECKER,**

    Plaintiff,

vs.                                                             Case No.:

**THE 19TH HOLE CONDOMINIUM ASSOCIATION, INC., and TERRY STONE, AS PRESIDENT OF THE 19TH HOLE CONDOMINUM ASSOCIATION, INC.,**

    Defendants.

_____

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

**COMES NOW**, Plaintiff, ROBERT BECKER, by and through his undersigned counsel, brings this lawsuit seeking declaratory relief, monetary damages, punitive damages, and actual damages against Defendants, THE 19TH HOLE CONDOMINIUM ASSOCIATION and TERRY STONE, AS PRESIDENT OF THE 19TH HOLE CONDOMINUM ASSOCIATION, INC., for violations of the Federal Fair Housing Act (FHA) and Florida's Fair Housing Act (FFHA), and tortious interference with a business and contractual relationship when he was denied the opportunity to purchase a condominium based on his use of an Emotional Assistance dog.

**JURISDICTIONAL ALLEGATIONS**

1. The Court has jurisdiction pursuant to 11 U.S.C. § 1331, 42 U.S.C. § 3613, because this lawsuit is brought under the Fair Housing Act, 42 U.S.C. § 3601 et seq.

2. Venue is proper in the Middle District of Florida, Orlando Division, under 28 U.S.C. § 1391(b), because the claim arose in this judicial district.

**PARTIES**

**PLAINTIFF**

3. Plaintiff, Robert Becker is currently a resident of Volusia County, Florida, and is otherwise *sui juris*.

4. Mr. Becker is an honorably discharged veteran, who has Post Traumatic Stress Disorder ("PTSD"), severe breathing issues, severe arthritis in his hips and lower back which makes ambulating difficult, as such, Plaintiff is a person with a disability.

**DEFENDANTS**

5. Defendant THE 19th HOLE CONDOMINIUM ASSOCIATION, INC. (hereinafter "19th Hole") is a Florida corporation, licensed to and doing business in Brevard County, Florida.

6. TERRY STONE ("Ms. Stone") was acting as the president of the Homeowner's Association for The 19th Hole.

7. The 19th Hole is located at 2500 Eagle Drive, Melbourne, Florida, on the

Mallards Landing Golf Course at Melbourne.

8. The 19th Hole and Ms. Stone are responsible for administering and governing its condominium association pursuant to its Articles of Incorporation, By-Laws, and its Rules and Regulations.

9. The 19th Hole and Ms. Stone also set, approve, and enforce the policies, rules, regulations, and practices for the association.

10. The housing units at the 19th Hole are "dwellings" within the meaning of 42 U.S.C. § 3602(b) of the FHA, and the Florida Fair Housing Act, Fla. Stat.¶ 760.22.

11. The 19th Hole and Ms. Stone are subject to the anti-discrimination provisions of the FHA and the Florida Fair Housing Act.

## MR. BECKER'S COMPLIANCE WITH ADMINISTRATIVE PRE-REQUISITES

12. Mr. Becker has timely complied with all conditions precedent to jurisdiction under the Florida Fair Housing Act, Fla. Stat. § 760.34.

## GENERAL ALLEGATIONS

13. Mr. Becker worked as a New York state law enforcement officer for twenty-seven (27) years before retiring. In 2009, he moved to Florida to be closer to his aging parents.

14. Mr. Becker is an honorably discharged veteran, who was injured on an aircraft carrier while serving in the navy.

15. Mr. Becker receives benefits from the Veterans Administration based on his service-connected disability.

16. Mr. Becker has used an Emotional Support Animal (dog) named Star, since 2019 to abate the symptoms of his PTSD. Star has also been trained to assist with Mr. Becker's mobility disabilities.

17. In 2021, Mr. Becker was living in the Stuart, Florida area in subsidized housing, and was required to vacate his apartment by September 30, 2021.

18. In the beginning of August 2021, during COVID-19, he began looking for a property to purchase and eventually contacted a realtor for assistance.

19. Mr. Becker applied for and obtained approval for a Veterans Administration (VA) loan to purchase a home.

20. On around August 1, 2021, his realtor located a property that met Mr. Becker's needs, located at 2500 Eagle Drive, Unit #4-B, Melbourne, Florida.

21. The unit was just what Mr. Becker wanted because it was recently renovated, had a golf course view, and was located in a 55 year plus community.

22. The contact person for the HOA listed on the Multiple Listing form was Terry Stone, and the form provided Ms. Stone's email address and phone number.

23. Terry Stone was also the registered agent for The 19th Hole Condominium Association Inc. and the president of the HOA.

24. On or around August 11, 2021, Mr. Becker tendered a bona fide offer of purchase for the property for the amount of $149,900.00, which was accepted by the condominium owner, JRM1 VIP, LLC, on or around August 13, 2021.

25. Because Mr. Becker had experienced difficulties in the past renting property because he uses Star his emotional support animal, prior to executing all the

4

final paperwork Mr. Becker asked his realtor to call the Defendants and inform them he was a disabled veteran and used an assistance animal.

26. On August 13, 2021, Mr. Becker's realtor, Lori Curley, called the Defendants about Mr. Becker's veteran status, disability and that he used an emotional support animal.

27. The realtor spoke by telephone with Terry Stone, President of The 19th Hole, who loudly told Mr. Becker's realtor that Defendants do not allow dogs and that she "didn't care" and she would "hire a lawyer" and they "have first right of refusal and would refuse him" and she "didn't have to give him a reason why he was getting denied."

28. Stunned by the response, on August 20, 2021, Mr. Becker's realtor drafted a notarized declaration memorializing the phone call with Terry Stone, President of the HOA of The 19th Hole. (Exhibit A).

29. Mr. Becker was denied purchase of the home due to his disability status and his use of an assistance dog.

30. With the impending move out date from his house for September 31, 2021, Mr. Becker had to act quickly to locate a different home to purchase. This transaction occurred during the COVID-19 pandemic, and properties were being bought and sold quickly.

31. As the subject of Defendants' discrimination, Mr. Becker was forced to purchase a home of lower value and less desirability.

32. Although Mr. Becker was qualified, ready, willing, and able to buy the

subject condominium consistent with Defendants' terms and conditions, Mr. Becker's offer to purchase the subject condominium was denied following his disclosure of his disability.

33. As such, The 19th Hole, and Ms. Stone subjected Mr. Becker to discriminatory refusal to sell, discriminatory terms, conditions, privileges, or services and facilities, and failed to make reasonable accommodations based on his disability.

34. As a result of the denial, Mr. Becker sustained a loss of equity in the home, because he was prevented from purchasing the unit.

35. Defendants' actions described above, subjected Plaintiff to suffer and continue to suffer irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional distress, and deprivation of his right to equal housing opportunities regardless of his disability.

36. Mr. Becker suffers actual damages including, but not limited to, loss of equity.

**COUNT I – VIOLATION OF THE FAIR HOUSING ACT – DENIAL OF HOUSING, 42 U.S.C. § 3604(f)(1) and Florida Statute § 760.23(1)**

37. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 36 above as though fully set forth herein.

38. Mr. Becker suffers from PTSD, and mobility disabilities and is a disabled person within the meaning of the Federal and Florida Fair Housing Acts.

39. Mr. Becker advised Defendants that he is a veteran with a disability who uses an assistance animal and was denied housing in violation of 42 U.S.C. §

3604(f)(1).

40. The foregoing conduct of the Defendants in discriminating in the rental or sale, or to make unavailable or deny, a dwelling to any buyer or renter because of a disability, is discriminatory and unlawful.

41. Defendants' conduct in denying Plaintiff his right to buy the condominium because of his use of an Emotional Support Animal is discriminatory and unlawful.

42. Defendants' actions were in total and reckless disregard of Plaintiff's rights and indifferent to his disability needs and need of his assistance animal.

43. As a result of this unlawful discrimination, Mr. Becker has suffered injury, damages, mental anguish, grievous emotional distress, embarrassment, shame, worry, frustration, and humiliation. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff respectfully requests the relief listed below:

## COUNT II – VIOLATION OF THE FAIR HOUSING ACT – DENIAL OF TERMS, CONDITIONS OR PRIVLEGES OF SALE OR RENTAL, 42 U.S.C. § 3604(a) and Florida Statute § 760.23(2)

44. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 36 above as though fully set forth herein.

45. Mr. Becker suffers from PTSD, and mobility disabilities and is a disabled person within the meaning of the Federal and Florida Fair Housing Acts.

46. Mr. Becker advised Defendants he is a veteran with a disability who uses

an assistance animal and was denied housing in violation of 42 U.S.C. § 3604(a).

47. The foregoing conduct of the Defendants in discriminating in the rental or sale, or to make unavailable or deny, a dwelling to any buyer or renter because of a disability, is discriminatory and unlawful.

48. Defendants' conduct in denying Plaintiff his right to buy the condominium because of his use of an Emotional Support Animal is discriminatory and unlawful.

49. Defendants' actions were in total and reckless disregard of Plaintiff's rights and indifferent to his disability and need of his assistance animal.

50. As a result of this unlawful discrimination, Mr. Becker has suffered injury, damages, mental anguish, grievous emotional distress, embarrassment, shame, worry, frustration, and humiliation. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

**WHEREFORE**, Plaintiff respectfully requests the relief listed below:

### COUNT III – VIOLATION OF THE FAIR HOUSING ACT – DENIAL OF SERVICES OR FACILITIES, 42 U.S.C. § 3604(b) and Florida Statute § 760.23(2)

51. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 36 above as though fully set forth herein.

52. Mr. Becker suffers from PTSD, and mobility disabilities and is a disabled person within the meaning of the Federal and Florida Fair Housing Acts.

53. Mr. Becker advised Defendants he is a veteran with a disability who uses

8

an assistance animal and was denied services and facilities in violation of 42 U.S.C. § 3604(b).

54. The foregoing conduct of the Defendants in discriminating in the provision of services or facilities to any buyer or renter because of a disability, is discriminatory and unlawful.

55. Defendants' conduct in denying Plaintiff the provision of services or facilities because of his use of an Emotional Support Animal is discriminatory and unlawful.

56. Defendants' actions were in total and reckless disregard of Plaintiff's rights and indifferent to his disability and need of his support animal.

57. As a result of this unlawful discrimination, Mr. Becker has suffered injury, damages, mental anguish, grievous emotional distress, embarrassment, shame, worry, frustration, and humiliation. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

**WHEREFORE**, Plaintiff respectfully request the relief listed below:

### COUNT IV – VIOLATION OF THE FAIR HOUSING ACT- FAILURE TO REASONABLY ACCOMMODATE, 42 U.S.C. § 3604(f)(3)(B) and Fla. Stat. 760.23(8) and (9) (b)

58. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 36 above as though fully set forth herein.

59. Mr. Becker suffers from PTSD, and mobility disabilities and is a disabled person within the meaning of the Federal and Florida Fair Housing Acts.

60. Mr. Becker advised Defendants he is a person with a disability who uses

9

an assistance animal and was denied a reasonable accommodation in violation of 42 U.S.C. § 3604 (f)(3)(b).

61. Mr. Becker advised Defendants he is a veteran with a disability who uses an assistance animal and that he needed his assistance animal as a reasonable accommodation in the rules, policies, practices, or services of the Defendants as it was necessary to afford him the equal opportunity to use and enjoy a dwelling and that request was denied in violation of 42 U.S.C. § 3604(f)(3)(B).

62. Such actions by The 19th Hole and Ms. Stone were in total and reckless disregard of Plaintiff's rights and indifferent to the needs of Mr. Becker.

63. Further, as a direct and proximate result of Defendants' refusal to accommodate Plaintiff, Mr. Becker has suffered irreparable loss and injury including, exacerbation of existing PTSD, humiliation, emotional distress, and deprivation of his right to equal housing opportunities regardless of disability. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

**WHEREFORE**, Plaintiff respectfully request the relief listed below:

### COUNT V – INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIP

64. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 36 above as though fully set forth herein.

65. Mr. Becker had a contract with the owner of the Unit #4-B to purchase the condominium located at 2500 Eagle Drive, Melbourne, Florida.

66. The Defendants were made aware of the contract through a licensed realtor

who was representing Mr. Becker in the transaction.

67. The Defendants told Plaintiff he could not buy the unit because they do not allow dogs "even if they are service dogs," and if Mr. Becker tried to buy the property they would "hire a lawyer."

68. The Defendants had no justification or legitimate basis for interfering in the contractual relationship between Mr. Becker and the owner of Unit #4-B.

69. The denial resulted in Mr. Becker being deprived of the opportunity to purchase the condominium, based on his disability and use of an emotional service animal.

70. The Defendants interfered with the contractual relationship between Mr. Becker and the owner of Unit #4-B, by inducing or otherwise causing the owner of Unit #4-B not to perform the contract.

71. The only basis for such interference was overt and blatant discrimination against persons with disabilities.

72. Such basis is not only illegitimate, but it is also unlawful and intolerable in modern society.

73. As a result of Defendants' actions, Mr. Becker suffered and is continuing to suffer actual damages, including, but not limited to, monetary damages, humiliation, mental anguish, emotional distress, embarrassment, shame, worry, and frustration. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

**COUNT VI – INTENTIONAL INTERFERENCE WITH**

## AN ADVANTAGEOUS BUSINESS RELATIONSHIP

74. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 36 above as though fully set forth herein.

75. Mr. Becker had a contract with the owner of the Unit #4-B to purchase the condominium located at 2500 Eagle Drive, Melbourne, Florida, and had rights associated with that contract.

76. The Defendants were made aware of the pending purchase through a licensed realtor who was representing Mr. Becker in the transaction.

77. Defendants told Plaintiff he could not buy the unit because they do not allow dogs "even if they are service dogs," and if Mr. Becker tried to buy the property they would "hire a lawyer."

78. Defendants engaged in unjustified and intentional interference in the contractual business relationship between Mr. Becker and the owner of Unit #4-B.

79. The only basis for such interference is overt and blatant discrimination against persons who have disabilities.

80. The denial resulted in Mr. Becker being deprived of the opportunity to purchase the condominium, based on his disability and use of an emotional service animal.

81. As a result of Defendants' actions, Mr. Becker suffered and continues to suffer actual damages, including, but not limited to, monetary damages, humiliation, mental anguish, emotional distress, embarrassment, shame, worry and frustration. These losses are either permanent or continuing and Plaintiff will suffer these losses in

the future.

82. The intentional acts of Defendants in interfering with Plaintiff's business contractual relationship were knowing and in reckless disregard of Mr. Becker's protected rights.

**RELIEF REQUESTED**

**WHEREFORE,** Plaintiff respectfully requests the following relief:

A. The Court assume jurisdiction;

B. Declare that the actions of the Defendants violated the Fair Housing Act, and The Florida Fair Housing Act by discriminating against a Mr. Becker a veteran with disabilities;

C. Grant Declaratory Relief finding the Defendants engaged in Intentional Interference with Plaintiff's contractual relationship and business relationship;

D. Grant Plaintiff injunctive relief to enjoin the Defendants from discriminating against Mr. Becker, a veteran with a disability who uses an Emotional Support Animal, in violation of the housing statutes;

E. Grant Plaintiff injunctive relief to enjoin the Defendants from interfering in Plaintiff's contractual and business relationship;

F. Order Defendants to provide training to the Board and other stakeholders on the requirements of the Fair Housing Act, and the Florida Fair Housing Act as it relates to the requirements to allow Emotional Support Animals;

G. Order that Plaintiff be awarded compensatory, actual and punitive damages, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful practices, for violations of the Fair Housing Act and the Florida Fair Housing Act;

H. Order that Plaintiff be awarded compensatory, actual and punitive damages, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful practices to Plaintiff for Defendants' interference in his contractual and business relationship;

I. Award actual damages to Plaintiff for the loss of equity in the property which he was deprived of purchasing;

J. Award reasonable attorney's fees, expenses and costs of suit, including expert witness fees as allowed by law, all recoverable statutory costs, and all litigation expenses not otherwise expressly allowed by statute; and

K. Grant such other legal and/or equitable relief as the Court may deem just under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury on all issues which can be heard by a jury.

DATE: August 2, 2023.

Respectfully submitted,

*/s/ Sharon Caserta*
Sharon Caserta, Esq.
Florida Bar No.: 0023117

Morgan & Morgan
Deaf/Disability Rights
501 Riverside Avenue, Suite 1200
Jacksonville, FL 32202
(904) 361-0078 (Voice)
(904) 245-1121 (Videophone)
(904) 361-4305 (Facsimile)
scaserta@forthepeople.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was electronically filed on this 2 nd day of August 2023 by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Sharon Caserta*
Sharon Caserta